**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARSHALL A. TILLMAN,

        Petitioner-Appellant,

    v.

STATE OF KANSAS; PHILL KLINE,
Kansas Attorney General,

        Respondents-Appellees.

No. 07-3299
(D. Kansas)
(D.C. No. 07-CV-3099-SAC)

---

**ORDER**

---

Before **KELLY**, **ANDERSON,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on Marshall A. Tillman's pro se request for a certificate of appealability ("COA"). Tillman seeks a COA so he can appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Tillman has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Tillman pleaded no contest in Kansas state court to a single count of rape. On June 19, 2002, the state trial court sentenced Tillman to term of imprisonment of seventy-three months. More than one year later, on June 30, 2003, Tillman filed a petition for post-conviction relief in state court.[1] The state trial court denied the petition, the Kansas Court of Appeals affirmed the denial of relief, and the Kansas Supreme Court denied review on May 9, 2006. Tillman then filed the instant § 2254 petition approximately eleven months later, on April 11, 2007.

The respondent filed a motion to dismiss Tillman's petition on the basis of the limitations period set out in 28 U.S.C. § 2244(d). In particular, the respondent noted that at the very latest, Tillman's conviction became final on September 27, 2002 (this date, 100 days after judgment of conviction and sentence was entered, gave Tillman credit for the ten days provided under Kansas law to appeal a conviction or sentence and ninety days within which a defendant can seek certiorari review from the Supreme Court).[2] The district court agreed Tillman's § 2254 petition was untimely under the provisions of § 2244(d),

---

[1]As noted by the district court, under the unique facts of this case (a guilty plea equivalent and a sentence within the presumptive range), Tillman was not entitled under state law to bring a direct appeal of his conviction or sentence.

[2]As noted by the district court, a substantial argument can be made that Tillman's sentence actually became final on the date his sentence was announced, June 19, 2002, because Kansas does not provide for a direct appeal in the circumstances of Tillman's case and the Supreme Court rules do not appear to provide for certiorari review from decisions of state trial courts. It is unnecessary to resolve this question, however, because even giving Tillman the benefit of these extra time periods, his § 2254 petition is still untimely.

specifically noting Tillman had never responded in his reply to the respondent's contention that the petition was untimely. Accordingly, the district court dismissed Tillman's § 2254 petition as untimely.

To be entitled to a COA, Tillman must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Tillman has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Tillman need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having reviewed Tillman's application for a COA and appellate filings, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Tillman is not entitled to a COA. The district court's resolution of Tillman's § 2254 petition on limitation grounds is not reasonably subject to debate and the issues Tillman seeks to raise on appeal are not adequate to deserve further

proceedings. In particular, we note that Tillman does not address, either in his application for a COA or in his brief on appeal, the timeliness of his petition. Accordingly, for those reasons set out in both the district court's Order, this court **DENIES** Tillman's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk